**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

        v.                                            **Criminal Action No. 1:07cr6**

**DUSTIN TURNER, a/k/a "Dusty,"**
        **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Dustin Turner, in person and by counsel, Ailynn Orteza, appeared before me on July 16, 2007. The Government appeared by Shawn Angus Morgan, its Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to Count Eight of the Superseding Indictment. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court **ORDERED** the written Plea Agreement filed.

Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath, and thereafter inquiring of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of

Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Dustin Turner, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant Count Eight of the Superseding Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Eight of the Superseding Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the

charge pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; understood the maximum fine that could be imposed was $250,000.00; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated June 8, 2007, and signed by him on June 12, 2007, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Eight of the Superseding Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and

Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations and stipulation contained in the written agreement.

The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement, which provides:

> Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that, on or about January 15, 2007, at or near Nutter Fort, Harrison County, West Virginia, the defendant did knowingly and intentionally possess or distribute Pseudoephedrine, a List I chemical, knowing, or having reasonable cause to believe, that the listed chemical would be used to manufacture a mixture or substance containing a detectable amount of methamphetamine. The parties stipulate and agree that the defendant's total relevant conduct in this case is at least 4 grams but less than 6 grams of Pseudoephedrine.

The undersigned then advised Defendant, counsel for Defendant, and counsel for the United States, and determined that the same understood that the Court is not bound by the above stipulation and is not required to accept the above stipulation, and that should the Court not accept the above stipulation, Defendant would not have the right to withdraw his plea of Guilty to Count Eight of the Superseding Indictment.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted his plea of guilty to the felony charge contained in Count Eight of the Superseding Indictment, Defendant would not be permitted to withdraw his guilty plea even if the Judge refused to follow the non-binding recommendations and stipulation

contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his appellate rights as contained in the written plea agreement, and determined he understood those rights and voluntarily gave them up subject to the conditions stated in the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count Eight of the Superseding Indictment, including the elements the United States would have to prove at trial, charging him with knowingly and intentionally possessing or distributing Pseudoephedrine, a List I chemical, knowing or having reasonable cause to believe that it would b e used to manufacture methamphetamine, in violation of Title 21, United States Code, Section 841(c)(2).

The Court then received the sworn testimony of Deputy Darren Stout, who testified he is employed by the Lewis County, West Virginia Sheriff's Department, assigned to the Harrison/Lewis County Drug Task Force. He was involved in the investigation of methamphetamine manufacturing from about the end of 2006 and beginning of 2007. The investigation involved Defendant's co-defendant Russell Foster. On the 16th of January, 2007, police executed a Federal Search Warrant at the residence of Russell Foster. The basis of the search warrant was suspected methamphetamine manufacturing. During the search, police came across Pseudoephedrine boxes, labeled with Defendant's name, in the trash at an active methamphetamine lab. The evidence showed the

Pseudoephedrine was purchased from Rite Aid in Nutter Fort, West Virginia. Police went to the Rite Aid and confirmed the pseudoephedrine was purchased by Defendant.

Dpty. Stout testified that Defendant was not present at Foster's home during the execution of the search warrant, leading to the conclusion that he had distributed the pseudoephedrine to Foster. He further testified that when he met Defendant at the courthouse upon his arrest, Defendant stated he disagreed with the Indictment against him because all he did was trade cold pills for dope. Further, Defendant was tested by a Home Confinement officer pursuant to his arrest on separate charges, and tested positive for methamphetamine.

Dpty. Stout's investigation revealed that Defendant had purchased more pseudoephedrine from the Weston Wal Mart on the same night as the purchase from Rite Aid. He obtained a print-out of Defendant's purchases from the WalMart. The investigation further revealed no legitimate purpose for Defendant's purchase of the pseudoephedrine.

The defendant stated he heard, understood, and agreed with Deputy Stout's testimony. Thereupon, Defendant, Dustin Turner, with the consent of his counsel, Ailynn Orteza, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Eight of the Superseding Indictment.

Defendant then testified he believed he was guilty of the offense charged in Count Eight of the Superseding Indictment because he did intentionally possess and distribute pseudoephedrine to Foster, and had reason to believe it would be used in the manufacture of methamphetamine.

From the testimony of Deputy Stout, the undersigned Magistrate Judge concludes the offense charged in Count Eight of the Superseding Indictment is supported by an independent basis

in fact concerning each of the essential elements of such offense. This conclusion is supported by the parties' stipulation and Defendant's allocution.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Superseding Indictment as a whole, but in particular as to Count Eight of the Superseding Indictment; Defendant understood the consequences of his plea of guilty; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Deputy Stout as well as the parties' stipulation and Defendant's own allocution.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to the felony charge contained Count Eight of the Superseding Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in Count Eight of the Superseding Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above

will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 16th day of July, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE